Fady Najib **DANDACHE**, Petitioner,

v.

Eric H. **HOLDER**, Jr., Attorney General, Respondent.

No. 08–74836.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 17, 2009.*

Filed Nov. 30, 2009.

Thomas J. Tarigo, Esquire, Law Offices of Thomas J. Tarigo, Los Angeles, CA, for Petitioner.

Jason Wisecup, DOJ—U.S. Department of Justice, Washington, DC, District Counsel, Esquire, Office of the District Director, U.S. Department of Homeland Security, Phoenix, AZ, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: ALARCÓN, TROTT, and TASHIMA, Circuit Judges.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Fady Najib Dandache, a native and citizen of Lebanon, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to remand and dismissing his appeal from an immigration judge's decision denying his motion to reopen. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Azanor v. Ashcroft*, 364 F.3d 1013, 1018 (9th Cir.2004), and review de novo claims of ineffective assistance of counsel, *Mohammed v. Gonzales*, 400 F.3d 785, 791–92 (9th Cir.2005). We deny the petition for review.

Dandache has not raised, and therefore waives, any challenge to the BIA's denial of his motion to remand. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir.1996).

We agree with the BIA that Dandache did not substantially comply with the threshold requirements set forth in *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988), and has not established prejudice from the alleged ineffective assistance of counsel. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir.2000) (adopting *Lozada* requirements, including "an indication that a complaint has been lodged with the bar, or reasons explaining why not"); *Azanor*, 364 F.3d at 1023 (requiring prejudice to succeed in claim of ineffective assistance of counsel). Accordingly, the agency did not abuse its discretion in denying the motion to reopen.

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.